IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| DR. RUTH JOHNSON, | * |
| Plaintiff, | * |
| v. | *    Case No.: GJH-17-1246 |
| BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY, | * |
|  | * |
| Defendant. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Plaintiff Dr. Ruth Johnson brought this civil action against Defendant Board of Education of Prince George's County, alleging Defendant unlawfully deprived her of her property interest in her continued employment without due process, in violation of her Fourteenth Amendment due process rights, and retaliated against her for her previous complaints of discrimination involving Defendant, in violation of Title VII's prohibition against retaliation. ECF No. 1. Pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on Behalf of the Defendant ("Motion to Dismiss"). ECF No. 19. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant's Motion to Dismiss is granted.

I.    BACKGROUND

A.    Factual Background[1]

Plaintiff is a guidance counselor with a permanent back injury that makes it difficult for

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaint, ECF No. 1, and are presumed to be true.

her to walk without assistance. ECF No. 1 at 3.[2] In January 2008, Plaintiff was assigned to Largo High School in order to accommodate her disability—her office was located near the student record room and close to the bathroom, minimizing Plaintiff's need to walk long distances—and worked under Principal Angelique Simpson-Marcus. *Id.* at 3–4.

In October 2008, Plaintiff attended a meeting with Interim Superintendent Dr. William Hite, during which she informed Dr. Hite that Principal Simpson-Marcus was harassing a white teacher because of his race as well as harassing African American secretaries. *Id.* at 4. Dr. Hite refused to accept documentation supporting Plaintiff's complaints, and no investigation was ever conducted regarding Plaintiff's allegations. *Id.* Although Dr. Hite assured Plaintiff there would be no retaliation, three days later, Principal Simpson-Marcus informed Plaintiff that she would be moved, despite her disability, to a different office farther from the student records room and the bathroom. *Id.* Plaintiff's office was never moved, however, because Plaintiff filed a retaliation complaint with the PGCPS Equity Assurance Office. *Id.* Nevertheless, Plaintiff was verbally insulted by Principal Simpson-Marcus until she was transferred to Bladensburg High School in August 2009. *Id.* at 5.

In May 2011, Plaintiff filed a Complaint with this Court related to the aforementioned events, alleging various claims against Defendant and Prince George's County Educator's Association, including a Title VII claim for retaliation. *Id.* at 5; *see* Complaint, *Johnson v. Bd. of Educ. of Prince George's Cty.*, No. 11-1195-PJM (D. Md. May 5, 2011), ECF No. 1.[3] On October 26, 2011, this Court issued a Scheduling Order, and, pursuant to that Order, Defendant

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[3] "[E]ven at the pleadings stage, the Court 'may take judicial notice of matters of public record, including court and administrative filings.'" *Dyer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 608 (D. Md. 2016) (quoting *Fakhoury v. Great N. Ins. Co.*, Civ. No. WDQ-12-02268, 2012 WL 1554487, at *1 n.1 (D. Md. Apr. 30, 2012)).

scheduled Plaintiff's oral deposition for February 2012. ECF No. 1 at 5.

In November 2011, Principal Glynis Jordan, the principal at Bladensburg High School, requested that Plaintiff review a student's Section 504 Accessibility Plan.[4] *Id.* This student had not previously been assigned to Plaintiff, and Plaintiff did not know the student. *Id.* Plaintiff, however, attended a Student Instructional Team ("SIT") meeting on November 30, 2011 in order to get current information about the student. *Id.* at 6. Based on the information gathered at the SIT meeting, Plaintiff updated and submitted the student's Section 504 Accessibility Plan—as is allegedly customary at Bladensburg High School. *Id.*

On February 8, 2012, Plaintiff received an email informing her that she was to attend a meeting on February 16, 2012 in order to discuss an issue regarding a 504 plan. *Id.* The email informed her that the meeting was a *Loudermill* hearing—*i.e.*, a pre-termination hearing—but did not include any other details. *Id.* The following day, Plaintiff requested a written explanation as to what would be discussed at the *Loudermill* hearing, a production of all relevant documents, information regarding whose 504 Plan was at issue, and a description of the alleged issue with the 504 Plan. *Id.* In response, Plaintiff was informed that she was to report to the meeting on February 16 and that all information would be provided to her and her union representative at that time. *Id.* at 6–7. She was also informed that she would have an opportunity to review the information and respond in writing. *Id.*

Plaintiff emailed the Director of Employee and Labor Relations for Prince George's County Schools, Mr. James Whattam, on February 11, 2012 to express concerns regarding the upcoming meeting, explaining that she had an ongoing legal action against Prince George's

---

[4] "A 504 Plan serves to provide a child who has a disability identified under the law, and who is attending an educational institution, accommodations intended to ensure his or her academic success and access to the learning environment." *In re J.B.*, No. 2147, 2017 WL 2729877, *2 n.5 (Md. Ct. Spec. App. June 26, 2017).

County Schools. *Id.* at 7. In response, Mr. Whattam clarified that the "due process" meeting was to address the legitimacy of a 504 plan dated November 30, 2011 that Plaintiff prepared for a student. *Id.* Plaintiff then informed Mr. Whattam that she would choose her own representative and that she would bring legal counsel. *Id.* Mr. Whattam responded that Plaintiff could bring a union representative but she was not entitled to legal counsel; however, he informed Plaintiff that her counsel could attend the meeting as a courtesy. *Id.*

The *Loundermill* hearing took place on February 16, 2012. *Id.* During the hearing, Defendant accused Plaintiff of forging the names of other school employees on the 504 plan, an accusation which Plaintiff denied. *Id.*

The following day, Defendant deposed Plaintiff pursuant to the October 2011 Scheduling Order in the case initiated by Plaintiff's May 2011 Complaint filed with this Court. *Id.* During this deposition, Plaintiff gave sworn testimony that she had complained to Dr. Hite in October 2008 about Principal Simpson-Marcus's harassment of staff and that Dr. Hite never followed up. *Id.* at 7–8.

On March 21, 2012, Dr. Hite issued a letter informing Plaintiff that he would be recommending to the Board of Education of Prince George's County Public Schools—*i.e.*, Defendant—that she be terminated as a Guidance Counselor. *Id.* at 8. Dr. Hite accused Plaintiff of forging documents to show that a 504 meeting took place and of willful neglect of duty. *Id.* The letter suspended Plaintiff from her position without pay. *Id.*

### B.      Administrative and State Court Procedural Background[5]

Following Dr. Hite's letter recommending Plaintiff's termination, Plaintiff sought review of her termination under Md. Code. Ann., Educ. § 6-202 by requesting a full evidentiary hearing

---

[5] The facts in this section are taken from court and administrative filings attached to Defendant's Motion to Dismiss. Plaintiff has not contested the authenticity of these documents.

4

before Defendant. ECF No. 19-3 at 2. The appeal was referred to a hearing examiner. *Id.*

After the referral of Plaintiff's appeal but before the hearing took place, Plaintiff filed a Motion to Dismiss with the hearing examiner. *Id.* at 3. Hearing Examiner Jerome Stanbury, Esq. denied Plaintiff's Motion after the issue was fully briefed. *Id.* In denying Plaintiff's Motion to Dismiss, Hearing Examiner Stanbury concluded that Plaintiff "received all procedural due process required by law." *Id.* Hearing Examiner Stanbury then conducted a hearing on June 25, 2014, and July 1, 2014, at which both parties were represented by counsel. *Id.*; ECF No. 19-4 at 2.

Hearing Examiner Stanbury issued his Findings of Fact and Law on September 28, 2014, and recommended that Plaintiff be terminated for willful neglect of duty. ECF No. 19-3 at 3; ECF No. 19-4 at 18–19. The hearing examiner's findings included a finding that "Dr. Johnson's failure to perform a proper 504 meeting as requested by Glynis Jordan was both willful and neglectful of her duty, which she owed to the student, the parent, the teacher, and the Principal of Bladensburg High School." ECF No. 19-4 at 18.

Defendant then heard oral argument on June 23, 2015, and, on July 15, 2015, "ORDERED that the Board of Education upholds the Hearing Examiner's recommendation that the Appellant be terminated on the ground of willful neglect of duty[.]" ECF No. 19-3 at 3. In so ruling, Defendant found that: (1) Plaintiff's "argument that she has not received due process is without merit[;]" and (2) Plaintiff's "failure to perform a proper 504 meeting as requested . . . was both willful and neglectful of her duty, which she owed to the student, the parent, the teacher and the Principal of Bladensburg High School." *Id.* at 3–4.

Next, Plaintiff timely appealed Defendant's decision to the Maryland State Board of Education ("State Board"). ECF No. 19-5 at 2. The State Board referred the case to the Office of

Administrative Hearings ("OAH") per the Code of Maryland Regulations. *Id.* at 2, 11. Subsequently, on October 9, 2015, Defendant filed a Motion for Summary Affirmance with the OAH, which was denied on November 10, 2015. *Id.* at 11. Also on October 9, 2015, Plaintiff filed a Motion to Supplement Record, "requesting that she be permitted to testify concerning alleged procedural deficiencies in her pre-termination hearing." *Id.* OAH granted Plaintiff's request. *Id.*

The Administrative Law Judge ("ALJ") held a hearing on December 14, 2014, where both parties were represented by counsel. *Id.* At the hearing two issues were discussed: (1) Was Plaintiff "provided with due process by way of a pre-termination hearing under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985)?"; and (2) Did the Defendant "properly terminate[] [Plaintiff], as set forth in its notice of action?" *Id.* After considering both parties' arguments and the record on appeal, on March 14, 2016, the ALJ issued a proposed decision "recommending that the State Board uphold [Defendant's] termination decision." *Id.* at 2.

In the proposed decision, the ALJ recognized that Plaintiff's procedural argument was founded in the due process clause of the Fourteenth Amendment, *id.* at 22, but found that, as a matter of law, Plaintiff "was provided with sufficient pre-termination due process" under the Fourteenth Amendment, *id.* at 34. The ALJ also found that the "record supports a finding that [Plaintiff] willfully failed to schedule the required Section 504 Plan meeting for A.C. and that the Board was justified in terminating [Plaintiff] as a result." *Id.*

After the ALJ issued her decision, Plaintiff filed two exceptions to the proposed decision with the State Board: (1) Plaintiff argued that she was denied due process as part of her pre-termination hearing; and (2) Plaintiff argued she did not commit willful neglect of duty by failing to schedule a Section 504 Plan meeting. *Id.* at 2, 4–9. The State Board heard oral argument on

6

October 25, 2016, and ultimately denied Plaintiff's exceptions and affirmed Defendant's termination of Plaintiff for willful neglect of duty. *Id.* at 2, 9.

Having exhausted her administrative remedies, Plaintiff sought judicial review of the State Board's decision in the Circuit Court for Prince George's County ("Circuit Court"). ECF No. 19-6 at 3. A hearing was held on December 8, 2017, and both parties, through their respective counsel, presented arguments. *Id.* at 8. The Circuit Court issued an oral ruling from the bench, affirming the State Board's decision and again upholding Plaintiff's termination. *Id.*

Plaintiff again appealed. Appealing to the Court of Special Appeals of Maryland ("Court of Special Appeals"), Plaintiff presented two questions for review: (1) "Did the State Board err when it upheld [Defendant's] determination that [Plaintiff] was afforded sufficient pre-termination due process as provided in *Cleveland Board of Education v. Loudermill*, 480 U.S. 532 (1985)?"; and (2) "Did the State Board err when it upheld [Defendant's] decision to discharge [Plaintiff] because she had willfully neglected her duty?" *Id.* at 3. On May 22, 2019, the Court of Special Appeals—like the Hearing Examiner, the Local Board (Defendant), the ALJ, the State Board, and the Circuit Court—rejected Plaintiff's arguments and upheld Plaintiff's termination. *Id.* at 15 ("we find no error by the State Board in concluded that [Plaintiff] was adequately informed of the nature of the charges against her, and, afforded sufficient pre-termination due process"); *id.* at 18 ("there was substantial evidence to support the State Board's affirmance of [Defendant's] decision to terminate [Plaintiff's] employment for willful neglect of duty").

### C.    Federal Court Procedural Background

Plaintiff filed the instant action on May 15, 2017. ECF No. 1. Defendant filed a consent Motion to Stay Further Proceedings on July 24, 2017, requesting that the Court stay this action

pending the resolution of the parallel state court proceedings which involved "the same parties, arises out of the same set of operative facts, and involves substantially the same questions of law[.]" ECF No. 6 at 2. This Court granted the consent Motion to Stay on August 8, 2017. ECF No. 7. The action remained stayed for over two years with the parties periodically filing Status Reports, ECF Nos. 9, 11, 12, 15, to update the Court on the progress of the state court litigation. On September 9, 2019, Plaintiff submitted a status report notifying the Court of the decision by the Court of Special Appeals affirming the Circuit Court. ECF No. 15. On October 16, 2019, the Court ordered Defendant to file an answer or a motion to dismiss within twenty-one days. ECF No. 18. Defendant complied, filing the instant Motion to Dismiss on November 6, 2019. ECF No. 19. Plaintiff responded in opposition on November 18, 2019, ECF No. 20, and Defendant replied in support of its motion on December 2, 2019, ECF No. 21.

## II.        STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

The purpose of Fed. R. Civ. P. 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). If an affirmative defense "'clearly appears on the face of the

complaint,'" however, the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)) (granting defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss on collateral estoppel grounds because plaintiff's statement in his complaint that bonds were fraudulent or invalid was refuted in prior judicial proceedings). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any references to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). The Court must abide by its "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal citations omitted).

Accepting the facts as alleged in the Complaint as true, *see Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011), when reviewing a motion to dismiss, the Court "may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed[,]" *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013). The Court "may take judicial notice of matters of public record, including court and administrative filings." *Dyer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 608 (D. Md. 2016) (taking judicial notice of

documents attached to the parties' briefings including "opinions and orders of the Maryland OAH, the State Board, and state courts"). Specifically, in considering the res judicata and collateral estoppel defenses at the motion to dismiss stage, a court may consider the "documents from the underlying case." *King v. Caliber Home Loans, Inc.*, No. GJH-16-3489, 2017 WL 4250509, at *3 (D. Md. Sept. 22, 2017); *see Lara v. Suntrust Mortg. Inc.*, No. DKC-16-0145, 2016 WL 3753155, at *1 n.1, *6 (D. Md. July 14, 2016) (considering "relevant documentation regarding the Property and the foreclosure proceedings and sale" attached by Defendants to motion to dismiss to substantiate a claim of res judicata); *Johnson v. Experian Info. Sols., Inc.*, No. PWG-15-558, 2015 WL 7769502, at *7 (D. Md. Nov. 17, 2015) (granting defendant's motion to dismiss after determining, under the doctrine of collateral estoppel, that plaintiff could not relitigate "the bona fides of his purported settlement letter" which had been previously rejected by another court).

## III.   DISCUSSION

In its Motion to Dismiss, Defendant asserts that principals of administrative collateral estoppel and res judicata bar Plaintiff's claims in the instant case. ECF No. 19. Specifically, Defendant claims that "[t]he dispositive issues of the instant action—*i.e.* whether Plaintiff was accorded due process and whether there was a legitimate basis for her termination—have already been decided by an administrative agency and affirmed upon judicial review[,]" precluding Plaintiff from re-litigating those issues here. ECF No. 19-1 at 5. The Court will consider the applicability of Defendant's preclusion arguments to each of Plaintiff's claims in turn below.

### A.   Count I: Violation of the 14th Amendment's Due Process Clause

Plaintiff asserts in Count I of her Complaint that "the failure of the defendant to provide her with copies of the documents she requested and or a full notice [of] the charges leveled

against her violated her rights under the Equal Protection and Due Process Clause of the 14th Amendment to the United States Constitution."[6] ECF No. 1 at 11.[7] This claim is clearly precluded.

"The doctrine of res judicata, also known as claim preclusion, was designed to protect litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation." *Graham v. Williams*, No. JFM-15-1967, 2015 WL 7012720, at *2 (D. Md. Nov. 10, 2015) (internal quotation marks omitted) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Under Maryland law, application of res judicata requires satisfaction of three conditions "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Cochran v. Griffith Energy Servs., Inc.*, 426 Md. 134, 140 (2012). These preclusion principles apply to the judgment of a court which affirms or reverses administrative determinations. *Esslinger v. Baltimore City*, 622 A.2d 774, 781 (Md. Ct. Spec. App. 1993) ("it is crystal clear that a final judgment of a circuit court affirming a decision of an administrative agency . . . is entitled to full preclusive effect").

All three conditions required for res judicata are met here. First, the parties in the instant

---

[6] Although Plaintiff mentions Equal Protection, it is clear from the Complaint that Plaintiff's claim is founded on the Due Process Clause of the Fourteenth Amendment and not the Equal Protection Clause. ECF No. 1 at 8–11 (titling Count I as "Violation of the 14th Amendment's Due Process Clause" and alleging procedural deficiencies in the pre-termination hearing).

[7] Plaintiff also references the Fifth Amendment of the United States Constitution, but "[d]ue process claims under the Fifth Amendment apply to federal actors, whereas due process claims under the Fourteenth Amendment apply to state actors." *White v. City of Greensboro*, 408 F. Supp. 3d 677, 691 (M.D.N.C. 2019); *see Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'").

action are the same as the parties in the state court proceedings affirming the State Board's finding that sufficient due process was provided and upholding Plaintiff's termination. *See* ECF No. 19-6 at 2 (naming Plaintiff, Ruth Johnson, and Defendant, Prince George's County Board of Education, as parties in the judicial review proceeding in front of the Court of Special Appeals). Second, Plaintiff's due process claim presented in the current action is identical to the due process claim that the ALJ, the State Board, the Circuit Court, and the Court of Special Appeals all reviewed and rejected. *See Nichols v. Caroline Cty. Bd. of Educ.*, No. WDQ-05-CV-2658, 2006 WL 4396326, at *2 (D. Md. Jan. 6, 2006) ("The test for determining the identity of the causes of action is whether the same evidentiary facts support both suits."). *Compare* ECF No. 19-6 at 10 (Plaintiff "argues [to the Court of Special Appeals] that the State Board erred in finding that she was afforded proper pre-termination due process rights under *Loudermill*, 470 U.S. 532 [*i.e.*, a Fourteenth Amendment due process case]. She argues that her due process rights were violated because she was: 1) not given adequate notice of the specific charges prior to the meeting; 2) not given documentary evidence prior to the meeting; and 3) denied the assistance of counsel during the meeting.") *with* ECF No. 1 at 11 ("Plaintiff submits [in her Complaint] that the failure of the defendant to provide her with copies of the documents she requested and or a full notice [of] the charges leveled against her violated her rights under the . . . Due Process Clause of the 14th Amendment"). Finally, there was a final judgment on the merits. ECF No. 19-6 at 10–15 (holding that Plaintiff "was adequately informed of the nature of the charges against her, and afforded sufficient termination due process" and affirming Defendant's termination of Plaintiff's employment).

Because all of the conditions of res judicata are met with regard to Plaintiff's due process claim, the Court grants Defendant's Motion to Dismiss with regard to Count I.

### B.      Count II: Title VII Reprisal

Plaintiff also raises a retaliation claim under Title VII in Count II. ECF No. 1 at 12–15. Plaintiff undisputedly did not raise a Title VII claim in the prior administrative proceedings nor in the state court judicial review actions. ECF No. 19-6; ECF No. 20 at 3. Because Plaintiff's Title VII claim asserts a new cause of action, the doctrine of res judicata does not apply.[8] *See Batson v. Shiflett*, 602 A.2d 1191, 1201 (Md. 1992). However, under the doctrine of collateral estoppel, a second action may still be barred, even if it asserts a new cause of action, if it would involve "relitigation of issues *actually litigated* and *necessary to the outcome* of the first action." *See id.* (emphasis in original) (quoting *Parklane Hosiery Co.*, 439 U.S. at 326 n.5). Thus, the Court will analyze whether Plaintiff's Title VII claim is now barred by the prior administrative and judicial proceedings under the doctrine of collateral estoppel.

"Under Maryland law, preclusion principles apply to the judgment of a court which affirms or reverses administrative determinations, and a party will be collaterally estopped from relitigating issues decided in such an adjudication where: (1) the issue raised in the prior action is identical with the issue presented in the action in question; (2) there is a final prior judgment on the merits; and (3) the party against whom estoppel is asserted was a party to the prior litigation." *Batts v. Lee*, 949 F. Supp. 1229, 1234 (D. Md. 1996) (citations omitted). Moreover, Maryland courts also give administrative decisions preclusive effect when: (1) the agency was acting in a judicial capacity; (2) the issue presented to the district court was actually litigated before the agency; and (3) whether the issue's resolution was necessary to the agency's decision. *Batson v. Shiflett*, 602 A.2d at 1200.

---

[8] Defendant also argues that Plaintiff's Title VII claim "*could have been asserted*" in the prior proceedings; thus implicating the doctrine of res judicata. ECF No. 19-1 at 13. However, because the Court finds the doctrine of collateral estoppel precludes Plaintiff's Title VII claim, the Court need not consider this issue.

Defendant argues that the State Board's determination that Plaintiff received sufficient due process and was properly terminated for willful neglect of duty, as well as the Circuit Court's and Court of Special Appeal's affirmations of those determinations, preclude Plaintiff's Title VII claim. ECF No. 19-1. Applying the factors of the two collateral estoppel doctrines discussed above—administrative collateral estoppel and collateral estoppel based on a court's affirmation of an administrative decision—the Court finds that only one factor warrants in depth analysis: Whether the issue litigated in the prior proceedings is the same as the issue presented in the instant action.

It is uncontested that there has been a final judgment on the merits by the State Board, the Circuit Court, and the Court of Special Appeals affirming the legality of Defendant's termination of Plaintiff's employment and that Plaintiff was a party to these prior proceedings. ECF No. 19-5 at 34–35 (finding Plaintiff "was provided with sufficient pre-termination due process" and "was properly dismissed for willful neglect of duty"); *id.* at 9 (State Board adopting ALJ's proposed decision and affirming Defendant's termination of Plaintiff for willful neglect of duty); ECF No. 19-6 at 8 ("The circuit court issued an oral ruling from the bench affirming the decision of the State Board."); *id.* at 18 (Court of Special Appeals finding that there was "substantial evidence to support the state Board's affirmance of [Defendant's] decision to terminate [Plaintiff's] employment for willful neglect of duty."). Nor is it disputed that findings on the issues of whether there was a proper justification for Plaintiff's termination—willful neglect of duty—and whether Defendant provided sufficient pre-termination process were necessary for each of these administrative and judicial decisions. ECF No. 19-5; ECF No. 19-6. Finally, it cannot be seriously questioned that the administrative proceedings were judicial in nature. *See Batson*, 602 A.2d at 1202. ("By conducting a hearing, allowing the parties to present evidence and ruling on a

dispute of law, the [agency] acted in a judicial capacity." (alteration in original) (citation omitted)). However, it is a closer question whether the key issues decided in these prior administrative and judicial proceedings are outcome-determinative issues in the present action, such that the Court must grant Defendant's Motion to Dismiss as to Plaintiff's Title VII claim.

"Title VII prohibits an employer from taking 'adverse employment action' against an employee on a prohibited basis[,]" and an "'adverse employment action' is one that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hart v. Lew*, 973 F. Supp. 2d 561, 579 (D. Md. 2013) (internal citations and quotation marks omitted). Plaintiff alleges that the "prohibited basis" that Defendant acted on in this case was retaliation or reprisal. ECF No. 1 at 12–15. The elements of a retaliation claim under Title VII are "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Plaintiff's failure to adequately plead any of these elements would make dismissal here appropriate on that basis alone.

The Court assumes for the sake of argument that Plaintiff has adequately alleged engagement in a protected activity and instead proceeds to identify the adverse employment action at issue here. A first glance, one might assume that the adverse action at issue in Plaintiff's Complaint was Defendant's termination of Plaintiff's employment—a classic example of an adverse employment action. *See Hart*, 973 F. Supp. 2d at 579.[9] That is not what Plaintiff

---

[9] It is worthy of note that such a claim would also be precluded by collateral estoppel. To succeed on a Title VII claim where Plaintiff argues that Defendant terminated her employment in retaliation for a protected activity, Plaintiff must adequately plead causation. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). Plaintiff is foreclosed from making such a showing by the previous administrative and judicial decisions finding that Defendant properly terminated Plaintiff's employment for willful neglect of duty. *Cf. Johnson v. Experian Info. Sols., Inc.*, No. PWG-

has pled, however. While the Complaint is not a model of clarity, Plaintiff seems to claim that Defendant's adverse employment action was not providing her sufficient process before terminating her employment. ECF No. 1 at 15; ECF No. 19-1 at 9 ("[B]y Plaintiff's own allegations, her Title VII reprisal claim is inextricably tied to her procedural due process claim."). Specifically, Plaintiff alleges "that the failure of the defendant to provide her with copies of the documents she requested or a full notice [of] the charges leveled against her was an act of reprisal under the provisions of Title VII of the 1964 Civil Rights Act." ECF No. 1 at 15. Setting aside whether the failure to provide due process could ever be an adverse employment action, Plaintiff is collaterally estopped from arguing that she did not receive sufficient process. *See supra* § III.A. Thus, her allegation that Defendant took an adverse employment action against her by failing to provide adequate due process fails because it is barred by collateral estoppel, and Defendant cannot establish the second element of her Title VII retaliation claim. The Court, therefore, grants Defendant's Motion to Dismiss as to Plaintiff's Title VII claim, Count II.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on Behalf of the Defendant, ECF No. 19, is granted. A separate Order shall issue.

Date: <u>January   28 , 2021</u>                                    <u>    /s/                                        </u>
                                                                                        GEORGE J. HAZEL
                                                                                        United States District Judge

---

15-558, 2015 WL 7769502, at *8 (D. Md. Nov. 17, 2015) (holding that, since Plaintiff was barred by collateral estoppel from arguing that his student loan debts were settled, Defendant's reporting that the student loan debts were delinquent was not inaccurate, and Plaintiff's claim was barred because inaccuracy was an element of the claim).